UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Brokers, Inc. | ) | Case No. 04-53451 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| Carlton Eugene Anderson and | ) | Ad. Proc. No. 04-06074 |
| Nelson Kirby Hodge, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Brokers, Inc. et al, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ORDER AND OPINION GRANTING PLAINTIFF
NELSON KIRBY HODGE'S DEMAND FOR JURY TRIAL**

THIS MATTER came on before the undersigned bankruptcy judge on May 25, 2005 in Winston-Salem, North Carolina for a status hearing on Plaintiff Nelson Kirby Hodge's Demand for a Jury Trial. David Yarbrough and Christine L. Myatt appeared on behalf of Brokers, Inc. and William E. West, Jr. appeared on behalf of Nelson Kirby Hodge. After considering the matters set forth in the pleadings and the supporting briefs, the court makes the following findings of fact and conclusions of law:

Brokers, Inc., the Debtor and Defendant in this proceeding, is a corporation organized and existing under the laws of North Carolina with its principal place of business in Davidson County, North Carolina.  Prior to the death of its principal and sole shareholder, Dolen Bowers, the Debtor operated as a real estate holding, management and development company.  The

Debtor's assets consist primarily of real estate located in Davidson, Guilford, Montgomery, and Randolph Counties. Dolen Bowers died testate on June 6, 2003. After significant litigation regarding the ownership of the Debtor, the heirs entered into a settlement agreement acknowledging that the estate of Dolen Bowers is the sole shareholder of the Debtor.

On March 30, 2004, Nelson Kirby Hodge, a former employee of the Debtor, instituted a lawsuit against the Debtor in Guilford County Superior Court. Hodge is a former employee of the Debtor and the lawsuit arises out of the Debtor's alleged breach of an employment contract.[1] In his complaint, Hodge alleges that he was wrongfully terminated by the Debtor and, as a result, is entitled to recover monetary damages in the amount of $336,300. The Debtor denied the material allegations of the complaint and asserted a number of affirmative defenses and certain counterclaims against Hodge.

On November 22, 2004, the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code. Since the Petition Date, the Debtor has continued to operate its business and manage its assets as a debtor-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108. The Debtor listed a claim held by Hodge as contingent, disputed, or unliquidated on its bankruptcy schedules. Pursuant to Local Rule 3003-1, the Debtor notified Hodge that his claim was listed as contingent, disputed, or unliquidated within 15 days after the filing of the schedules. Hodge has not filed a proof of claim in this bankruptcy proceeding.

On December 14, 2004, the Debtor filed a Notice of Removal with the United States

---

[1] On March 9, 2004, Carlton Eugene Anderson instituted a lawsuit against the Debtor in Guilford County Superior Court. Anderson's claims arise out of the various contracts with the Debtor prior to the Petition Date and include claims for breach of contract, foreclosure on a deed of trust, a partnership accounting and winding down. On August 27, 2004, the Superior Court consolidated the cases of Anderson and Hodge.

District Court for the Middle District of North Carolina and requested that the District Court refer Hodge's complaint to this court for resolution and adjudication. On February 16, 2005, Hodge filed a demand with this court that the matter be tried before a jury. While the Debtor originally took the position that Hodge was not entitled to a jury trial, at the hearing on this matter counsel for the Debtor withdrew their objection to Hodge's request.

The right to a jury trial is guaranteed by the Seventh Amendment of the United States Constitution which provides "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved." In Granfinanciera, S.A. v. Nordberg, 492 U.S. 33, 109 S.Ct. 2782 (1989), the Supreme Court found that the phrase "suits at common law" refers "to suits in which legal rights were to be ascertained and determined, in contradistinction to those where equitable rights alone were recognized and equitable remedies were administered." Id. at 41. Focusing on the distinction between legal and equitable, the Court in Granfinanciera provided criteria for determining whether a party has a right to a jury trial in a bankruptcy proceeding. A court must consider whether the action would have been brought in courts of law in 18th Century England prior to the merger of the courts of law and equity and whether the cause of action seeks a remedy that is legal in nature, such as money or money damages, as opposed to a remedy that is considered to be equitable in nature. Id. at 41. A court must also consider whether the action involves purely private rights, rather than public rights. Id. at 54. Based on these criteria, the Court held that a party that had not filed a claim against the bankruptcy estate had a right to a jury trial in a fraudulent conveyance action by a trustee.

The court finds that this adversary proceeding, which seeks to recover damages and which is rooted in state breach of contract law, qualifies as a cause of action which is "legal in

nature." See Billing v. Ravin, 22 F.3d 1242, 1245 (3rd Cir.1994) ("An action for money damages based on a breach of contract is traditionally a legal claim."). Furthermore, an action to recover damages for a breach of contract is generally a private right. Northern Pipeline Construction Co. v. Marathon Pipe Line Co., 458 U.S. 50, 71, 102 S.Ct. 2858 (1982). Hodge has not filed a proof of claim, thereby triggering the claims allowance process and participating in the public restructuring of debtor-creditor relations, therefore, in this action, Hodge is asserting a private right. Based upon the foregoing, the court finds that Hodge is entitled to a jury trial in this action.

      IT IS SO ORDERED.

## SERVICE LIST

Christine L. Myatt
J. David Yarbrough, Jr.
P. O. Box 3463
Greensboro, NC 27402

C. Edwin Allman, III
P. O. Box 5129
Winston-Salem, NC 27113-5129

R. Thompson Wright
P.O. Box 989
Greensboro, NC 27402

William E. West, Jr.
3000 Bethesda Place
Suite 703
Winston-Salem, NC 27103

Michael D. West
P.O. Box 1828
Greensboro, NC 27402