**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF NORTH CAROLINA**
**WINSTON-SALEM DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Brokers, Inc. | ) | Case No. 04-53451 |
| | ) | |
|     Debtor. | ) | |
| ————————————— | ) | |
| | ) | |
| Carlton Eugene Anderson and | ) | Ad. Proc. No. 04-06074 |
| Nelson Kirby Hodge, | ) | |
| | ) | |
|     Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Brokers, Inc. et al, | ) | |
| | ) | |
|     Defendants. | ) | |
| ————————————— | ) | |

**ORDER AND OPINION DENYING PLAINTIFF**
**CARLTON EUGENE ANDERSON'S DEMAND FOR JURY TRIAL**

THIS MATTER coming on before the undersigned Bankruptcy Judge on May 25, 2005 in Winston-Salem, North Carolina upon Plaintiff Carlton Eugene Anderson's Demand for a Jury Trial. David Yarbrough and Christine L. Myatt appeared on behalf of Brokers, Inc., Martha R. Sacrinty appeared on behalf of Cartlton Eugene Anderson, and William E. West, Jr. appeared on behalf of Nelson Kirby Hodge. After considering the matters set forth in the pleadings and the supporting briefs, the court makes the following findings of fact and conclusions of law:

Brokers, Inc., the Debtor and Defendant in this proceeding, is a corporation organized and existing under the laws of North Carolina with its principal place of business in Davidson County, North Carolina. Prior to the death of its principal and sole shareholder, Dolen Bowers, the Debtor operated as a real estate holding, management and development company. Its assets

consist primarily of real estate located in Davidson, Guilford, Montgomery and Randolph Counties. Dolen Bowers died testate on June 6, 2003. After significant litigation regarding the ownership of the Debtor, the heirs entered into a settlement agreement acknowledging that the estate of Dolen Bowers is the sole shareholder of the Debtor.

On March 9, 2004, Carlton Eugene Anderson instituted a lawsuit against the Debtor in Guilford County Superior Court. Anderson and the Debtor were parties to a partnership agreement dated December 10, 2003, an employment agreement dated August 5, 2003, and various other contracts. Anderson's claims arise out of the various contracts with the Debtor prior to the Petition Date and include claims for breach of contract, foreclosure on a deed of trust, a partnership accounting and winding down.[1] On May 6, 2004, the Debtor filed an answer asserting certain counterclaims.

On November 22, 2004, the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code. Since the Petition Date, the Debtor has continued to operate its business and manage its assets as a debtor-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108. The Debtor filed a Notice of Removal with the United States District Court for the Middle District of North Carolina and requested that the District Court refer Anderson's claims to this court for resolution and adjudication. The Debtor listed the claim held by Anderson as contingent, disputed, or unliquidated on its bankruptcy schedules. Pursuant to Local Rule 3003-1, the Debtor notified Anderson that his claim was listed as contingent, disputed, or unliquidated within 15 days after the filing of the schedules. Anderson then filed a

---

[1] On March 30, 2004, Nelson Kirby Hodge, a former employee of the Debtor, instituted a lawsuit against the Debtor in Guilford County Superior Court. On August 27, 2004, the Superior Court consolidated the two cases.

proof of claim in the amount of $2,992,440.52 based upon a promissory note, employment contract and partnership agreement.   Anderson's proof of claim incorporates his prepetition complaint and contains the following disclaimer:

> This proof of claim is filed by order and rule of the court and is not intended to constitute a waiver of the rights of the claimant to a jury trial on litigation pending on theses claims prior the the filing of the bankruptcy proceedings.  The claimant has not consented to the transfer of this proceeding to the U.S. District Court or to the referral of this action to the Bankruptcy Court for trial and further proceedings.

The right to a jury trial is guaranteed by the Seventh Amendment of the United States Constitution which provides "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved."  In Granfinanciera, S.A. v. Nordberg, 492 U.S. 33, 109 S.Ct. 2782 (1989), the Supreme Court found that the phrase "suits at common law" refers "to suits in which legal rights were to be ascertained and determined, in contradistinction to those where equitable rights alone were recognized and equitable remedies were administered." Id. at 41. Focusing on the distinction between legal and equitable, the Court in Granfinanciera provided criteria for determining whether a party has a right to a jury trial in a bankruptcy proceeding.  A court must consider whether the action would have been brought in courts of law in 18th century England prior to the merger of the courts of law and equity and whether the cause of action seeks a remedy that is legal in nature, such as money or money damages, as opposed to a remedy that is considered to be equitable in nature. Id. at 41. A court must also consider whether the action involves purely private rights, rather than public rights. Id. at 54.   Based on these criteria, the Court held that a party that had not filed a claim against the bankruptcy estate had a right to a jury trial in a fraudulent conveyance action by a trustee.

3

The following year, in <u>Langenkamp v. Culp</u>, 498 U.S. 42, 44, 111 S.Ct. 330, 331 (1990), the Court held that a creditor who had filed a proof of claim against the bankruptcy estate had no Seventh Amendment right to a jury trial because the creditor had submitted to the equitable jurisdiction of the bankruptcy court. <u>Id</u>. at 45. <u>Langenkamp</u> involved a preference action by a bankruptcy trustee against certain creditors that had filed claims against the estate. <u>Id</u>. at 43. The Court held that "by filing a claim against a bankruptcy estate the creditor triggers the process of 'allowance and disallowance of claims,' thereby subjecting himself to the bankruptcy court's equitable power. <u>Id</u>. at 44 (quoting <u>Granfinanciera</u>, 492 U.S. at 58-59, and n. 14). "In other words, the creditor's claim and the ensuing preference action by the trustee become integral to the restructuring of the debtor-creditor relationship through the bankruptcy court's *equity jurisdiction*. As such, there is no Seventh Amendment right to a jury trial." <u>Id</u>. at 44-45, 111 S.Ct. 330 (citation omitted).

By filing a claim against a bankruptcy estate, a creditor is seeking to recover a portion of that estate and, as a result, has placed any dispute with the debtor which will affect the allowance of that claim into the arena of public rights, that is, the restructuring of the debtor-creditor relationship. Furthermore, such disputes are integrally related to the allowance or disallowance of that filed claim and are equitable in nature. <u>Granfinanciera</u>, 492 U.S. at 58. Because <u>Granfinanciera</u> held that the right to a jury trial extends only to matters that are legal in nature and involve private rights, a creditor that files such a claim loses its Seventh Amendment right to a jury trial. <u>Billing v. Ravin, Greedberg & Zachin, P.A.</u>, 22 F.3d 1242 (3rd Cir. 1994) (creditor who submits proof of claim against bankruptcy estate has no right to jury trial on issues raised in defense of such claim); <u>In re CBI Holding Co., Inc.</u>, 311 B.R. 350 (S.D.N.Y. 2004) (creditor is

4

not entitled to a jury trial on traditionally legal claims that are integrally related to that creditor's claims). Similarly, where a debtor files an adversary proceeding against a creditor that has not yet filed a proof of claim and that creditor then files a counterclaim, that creditor has succumbed to the jurisdiction of the bankruptcy court and waived its right to a jury trial. See In re Hudson, 170 B.R. 868 (E.D.N.C. 1994); In re Robin Hood, Inc., 192 B.R. 124 (W.D.N.C. 1995).

Anderson contends that his right to a jury trial has been preserved by the conditional language contained within his proof of claim. The filing of a proof of claim may waive a creditor's right to a jury trial even when the creditor attempts to reserve its right to a jury trial. Travellers International AG v. Robinson, 982 F.2d 96, 100 (3rd. Cir. 1992); see also Matter of Peachtree Lane Associates, Ltd., 150 F.3d 788, 799 (7th Cir. 1998) (the "conditional" designation attached by adversary defendants to their counterclaims does not preserve their right to a jury trial).

Nevertheless, Anderson insists that he may not lose his right to a jury trial through the unilateral action of the Debtor. The court does not necessarily disagree, but this argument misses the point. Anderson lost his right to a jury trial as a result of his own action: the filing a proof of claim. By choosing to file a proof of claim, Anderson made the conscious decision to seek affirmative relief from this bankruptcy court in the form of a distribution in the amount of $2,992,440.52 from the Debtor's estate. The limiting language in Anderson's proof of claim does not alter the fact that the proof of claim implicates the restructuring of the debtor-creditor relationship and the claims allowance process in this bankruptcy proceeding. Any determination regarding the allowance or amount of Anderson's proof of claim must be made in conjunction with Anderson's cause of action. Because the resolution of Anderson's cause of action against

the Debtor is an integral part of the claims allowance process, it is now an equitable matter that involves public rights.

Based upon the foregoing, the court finds that Anderson is not entitled to a jury trial and, accordingly, Anderson's request for a jury trial is denied.

IT IS SO ORDERED.

# SERVICE LIST

Christine L. Myatt
J. David Yarbrough, Jr.
P. O. Box 3463
Greensboro, NC 27402

C. Edwin Allman, III
P. O. Box 5129
Winston-Salem, NC 27113-5129

Martha Sacrinty
R. Thompson Wright
P.O. Box 989
Greensboro, NC 27402

William E. West, Jr.
3000 Bethesda Place
Suite 703
Winston-Salem, NC 27103

Michael D. West
P.O. Box 1828
Greensboro, NC 27402