UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Brokers, Inc. | ) | Case No. 04-53451 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Carlton Eugene Anderson, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Adv. Proc. No. 04-06074 |
| | ) | |
| v. | ) | |
| | ) | |
| Brokers, Inc., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER AND OPINION DENYING MOTION FOR ORDER OF ATTACHMENT**

This matter came on for hearing before the court on September 14, 2005 upon the Motion by Defendant Brokers, Inc. for Order of Attachment and Filing, Entry and Recordation of Notices of Lis Pendens.  Alex Barrett appeared on behalf of Brokers Inc. ("Brokers"), and Joseph R. Beatty and R. Thompson Wright appeared on behalf of the Plaintiff, Carlton Euguene Anderson.  Having considered the Motion and all pleadings before it, the court finds, for the purposes of this order only, as follows:

Brokers, Inc., the debtor and defendant in this proceeding, is a corporation organized and existing under the laws of North Carolina with its principal place of business in Davidson County, North Carolina. Prior to the death of its principal and sole shareholder, Dolen Bowers, Brokers operated as a real estate holding, management and development company.  Its assets

consist primarily of real estate located in Davidson, Guilford, Montgomery and Randolph Counties. Dolen Bowers died testate on June 6, 2003. After significant litigation regarding the ownership of Brokers, the heirs entered into a settlement agreement acknowledging that the estate of Dolen Bowers is the sole shareholder of Brokers.

On March 9, 2004, Carlton Eugene Anderson ("Anderson") instituted a lawsuit against Brokers in Guilford County Superior Court. Anderson and Brokers were allegedly parties to a partnership agreement dated December 10, 2003, an employment agreement dated August 5, 2003, and various other contracts. Anderson's claims arise out of the various prepetition contracts with Brokers and include claims for breach of contract, foreclosure on a deed of trust, a partnership accounting and winding down.[1]

On May 6, 2004, Brokers filed an answer asserting certain counterclaims including claims for fraud, unfair and deceptive acts, lack of authority, rescission of a deed of trust, constructive trust, and seeking injunctive relief. On August 23, 2003, the Guilford County Superior Court entered an order enjoining Anderson and/or T. W. Anderson, LLC, a limited liability company owned by Anderson and his wife, from transferring, conveying or otherwise encumbering any of the real property known as 3001 Meridian Drive and any other real property transferred to them from Brokers after June 6, 2003, directly or indirectly.

On November 22, 2004, Brokers filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code. Since the Petition Date, Brokers has continued to operate its business and manage its assets as a debtor-in-possession pursuant to 11 U.S.C. §§ 1107 and

---

[1] On March 30, 2004, Nelson Kirby Hodge, a former employee of the Debtor, also instituted a lawsuit against Brokers in Guilford County Superior Court. On August 27, 2004, the Superior Court consolidated the two cases.

1108. Brokers filed a Notice of Removal with the United States District Court for the Middle District of North Carolina and requested that the District Court refer Anderson's claims to this court for resolution and adjudication.

On August 16, 2005, Brokers filed the present Motion for Order of Attachment of real property located at Hasty School Road and 412 Council Street in Thomasville, North Carolina (the "Property"). Brokers filed this motion in response to information obtained at the deposition of Anderson on June 8 and June 14, 2005. At this deposition, Anderson testified that he transferred some cash he received from Brokers to T. W. Anderson, LLC and used that cash to purchase the Hasty School Road and 412 Council Street property.

Brokers attached the affidavit of Mark Preston (the "Affidavit") to its motion which sets forth as follows:

> 6. Carlton Eugene Anderson ("Gene Anderson") was the President of Brokers from July 9, 2003, through January 29, 2004. Nelson Kirby Hodge ("Hodge") was the Vice-President of Brokers during the same period. Gene Anderson and Hodge were the only directors of Brokers from June 6, 2003, through August 1, 2003. On August 1, 2003, Gene Anderson and Hodge, without my knowledge and without the knowledge of any other putative shareholder of Brokers, elected Tony J. Bowers ("Tony Bowers") as a director of Brokers.
>
> 7. Without the knowledge of any shareholder and without consideration, Gene Anderson, with the aid and assistance of Hodge and Tony Bowers, caused Brokers to make the following cash transfers to himself during the period August 7, 2003, through December 12, 2003:
>
>   A. $25,000.00, via check drawn on August 7, 2003, from Brokers' bank account with Bank of North Carolina ("BNC")
>
>   B. $370,000.00, via certified funds drawn on August 27, 2003, from Brokers' bank account with Central Carolina Bank ("CCB");
>
>   C. $182,646.40, via check drawn on August 28, 2003, from Brokers' bank account with BNC;
>
>   D. $25,176.12, via check drawn on October 16, 2003, from Brokers' bank account with BNC;

    E.    $12,588.06, via check drawn on November 21, 2003, from Brokers' bank account with BNC;

    F.    $12,588.06, via check drawn on December 11, 2003, from Brokers' bank account with BNC; and

    G.    $12,588.06, via check drawn on December 12, 2003, from Brokers' bank account with BNC.

The total cash transferred by Brokers to Gene Anderson during the period was $640,586.70. These transfers were made pursuant to a promissory note dated August 27, 2003, executed by Brokers in favor of Gene Anderson in the sum of $3,070,258.30 (the "Note"). Gene Anderson signed the Note on behalf of Brokers.

8. On September 3, 2003, Gene Anderson, with the aid and assistance of Hodge and Tony Bowers, caused Brokers to transfer to himself and Terri W. Anderson ("Terri Anderson") certain real property owned by Brokers and located at 3001 Meridian Avenue, Thomasville, North Carolina ("3001 Meridian"). This transfer by Brokers was made without valid consideration. The fair market value of the 3001 Meridian property is at least $205,000.00.

9. After September 3, 2003, Gene Anderson and Terri Anderson subsequently transferred the 3001 Meridian property to T.W. Anderson, LLC.

10. Neither Gene Anderson nor any other director of Brokers informed me, either in my capacity as Co-Executor of the Estate of Dolen J. Bowers or in my capacity as the sole accountant for Brokers, of any of the transfers detailed in Paragraphs 7 and 8 herein. I discovered the transfers of cash only through the performance of my duties as accountant for Brokers, after such transfers occurred. I discovered the existence of the transfer of the 3001 Meridian Property only when informed of the results of a title search conducted by the attorneys for the Estate of Dolen J. Bowers regarding Brokers' real property. After the transfers were discovered, Hazel Bowers, Calvin B. Bryant and I agreed that Gene Anderson, Hodge, and Tony Bowers should be removed from their positions as officers and directors of Brokers. We removed them pursuant to an entry in the corporate minutes of Brokers dated January 29, 2004.

11. Gene Anderson and Terri Anderson have received approximately $850,000.00 in transfers from Brokers, all of which transfers were initiated and consummated by Gene Anderson with the aid and assistance of Hodge and Tony Bowers.

12. Gene Anderson concealed the transfers set forth in Paragraphs 7 and 8. It is my belief that Gene Anderson further transferred those same assets to Terri Anderson and T.W. Anderson, LLC, in an attempt to further conceal those transfers and in an attempt to keep such assets secreted from

> Brokers. While I am not aware of any information regarding the present intentions of Gene Anderson, Terri Anderson, or T.W. Anderson, LLC with respect to cash and property they directly and/or indirectly received from Brokers, their previous secreting and transferring of such assets leads me to believe they may engage in similar conduct in the future.

In response, Anderson filed an affidavit in which he offered explanations for his actions and stated:

> On August 26, 2005, T.W. Anderson, LLC, sold the property at 412 Council Street and the property on Hasty School Road to Sherrill Morris. The sales price was $240,000.00. The net amount to the seller was $208,511.27. $30,000.00 went to the buyer to construct some roads on the Hasty School Road property. I have used a substantial amount of this money to pay bills my wife and I owed. I also need money for legal expenses to pursue my claims in this case and for living expenses for my wife and me.

Because the Property has been sold, Brokers now seeks an attachment of the proceeds of the Property ("Proceeds").

Attachment is an ancillary proceeding to a pending action for a money judgment which enables a plaintiff to bring the property of a defendant within "the legal custody of the court in order that it may subsequently be applied to the satisfaction of any judgment for money which may be rendered against the defendant in the principal action." N.C. Gen. Stat. § 1-440.1(a). Attachment may be had in any action the purpose of which, in whole or in part, or in the alternative, is to secure a judgment for money, or in any action for alimony or for maintenance and support, or an action for the support of a minor child, but not in any other action. N.C. Gen. Stat. § 1-440.2.  N.C. Gen. Stat. § 1-440.3 provides that

> In those actions in which attachment may be had under the provisions of G.S. 1-440.2, an order of attachment may be issued when the defendant is
> (1) A nonresident, or
> (2) A foreign corporation, or

> (3) A domestic corporation, whose president, vice-president, secretary or treasurer cannot be found in the State after due diligence, or
> 
> (4) A resident of the State who, with intent to defraud his creditors or to avoid service of summons,
>> a. Has departed, or is about to depart, from the State, or
>> b. Keeps himself concealed therein, or
> 
> (5) A person or domestic corporation which, with intent to defraud his or its creditors,
>> a. Has removed, or is about to remove, property from this State, or
>> b. Has assigned, disposed of, or secreted, or is about to assign, dispose of, or secrete, property.

N.C. Gen. Stat. § 1-440.3.

Brokers seeks an order for attachment pursuant to § 1-440.3(5) and on the basis that Anderson, as a resident of the state, must have his property attached as he intends to defraud his creditors by removing property from the state or by assigning, disposing, or secreting property.. To secure an order for attachment, if the alleged grounds for attachment are that the defendant has done, is or about to do, any act with the intent to defraud, an affidavit setting forth the facts and circumstances supporting such an allegation is required. N.C. Gen. Stat. § 1-440.11. It is not sufficient to allege only fraud or an intent to defraud, but facts and circumstances showing the requisite intent must be stated. Connolly v. Sharpe, 49 N.C. App. 152, 154, 270 S.E.2d 564, 566-567 (1980). "In conjunction with § 1-440.3, [§ 1-440.11] manifests a statutory procedure in which a pre-judgment writ will be issued in only exceptional circumstances on a rigorous showing that such circumstances exist." Hutchison v. Bank of North Carolina, N.A., 392 F. Supp. 888, 895-96 (D.C.N.C. 1975).

In the present case, Brokers has not alleged facts sufficient to show that Anderson has or is about to dispose, assign, or secrete property with the intent to defraud. The majority of the

allegations in the Affidavit relate to how Anderson transferred property from Brokers. The determination as to whether attachment is warranted should not be based upon how the property was allegedly acquired, but exclusively upon the intent with which it is assigned, disposed of, or secreted. Howland v. Marshall, 127 N.C. 427, 37 S.E. 462 (1900). Brokers does not allege that Anderson has hidden any transactions related to the Property. The deeds to the Property were properly recorded on the public record at the time of purchase. Anderson has disclosed that the property has been sold, what the sale price was, and what he intends to do with the Proceeds. Again, this transaction was duly recorded. There is no dispute that the sale price was fair and reasonable. Furthermore, at the hearing on this matter, Brokers did not dispute Anderson's intent, that is, Brokers did not argue that Anderson will dispose, assign, or secrete property with the intent to defraud, but rather, that Anderson will spend the Proceeds on expenses. In fact, in the Affidavit, Mark Preston admits that he is not aware of any information regarding the present intentions of Anderson, his wife, or T. W. Anderson, LLC with respect to cash and property they received from Brokers.

      The requirements for attachment in North Carolina are both clear and limited. Four of the five grounds for attachment set forth in N.C. Gen. Stat. § 1-440.3 relate to persons or corporations that are nonresidents of the state of North Carolina, or that are concealed within or about to depart the state of North Carolina. Attachment may only be ordered in the case of a resident of the state who is not concealed or about to depart the state if there is an allegation of an intent to defraud creditors. The fact that a resident debtor has written, or is about to write, checks to pay some creditors, but at the same time refuses to pay other creditors, does not constitute secreting, assigning, or disposing of his property with intent to defraud his creditors.

Stephens Howard Co. v. Baer, 166 S.E. 77, 78 (N.C. 1932).  The law requires that "if the grounds for attachment are that the defendant has done, or is about to do, any act with intent to defraud his creditors, the plaintiff must state the facts and circumstances supporting such allegation." Hutchison v. Bank of North Carolina, N.A., 392 F.Supp. at 890.   Since Brokers has not stated facts and circumstances supporting its allegation that Anderson is acting with an intent to defraud, the Affidavit falls short of this requirement.

    Therefore, Brokers' Motion for Order of Attachment and Filing, Entry and Recordation of Notices of Lis Pendens is denied.

**Parties to Be Served:**

Joseph Beatty
R. Thompson Wright
Hill, Evans, Duncan, Jordan & Beatty, PLLC
P.O. Box 989
Greensboro, NC 27402

Scott C. Gayle
Tuggle, Duggins & Meschan, P.A.
P.O. Box 2888
Greensboro, NC 27402

Mark T. Preston
3410 Healy Drive, Suite 201-K
Winston Salem, NC 27103

William E. West, Jr.
William E. West, Jr. & Associates
3000 Bethesda Place, Suite 703
Winston-Salem, NC 27103

Michael D. West
U.S. Bankruptcy Administrator
101 S. Edgeworth Street
Greensboro NC 27401

Alex Barrett
J. David Yarbrough, Jr.
Nexsen Pruet Adams Kleemeier, PLLC
P.O. Box 3463
Greensboro, NC 27408

GBO 674181v1