UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Brokers, Inc. | ) | Case No. 04-53451 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| Carlton Eugene Anderson, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Adv. Proc. No. 04-06074 |
| | ) | |
| v. | ) | |
| | ) | |
| Brokers, Inc., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER AND OPINION DENYING MOTION TO AMEND OR ALTER ORDER AND OPINION DENYING MOTION FOR ORDER OF ATTACHMENT, OR, IN THE ALTERNATIVE, TO MODIFY PRELIMINARY INJUNCTION**

This matter came on before the court upon the Motion by Defendant Brokers, Inc. to Amend or Alter Order and Opinion Denying Motion for Order of Attachment entered September 22, 2005, or in the alternative, Modify the Preliminary Injunction. Having considered the Motion and all pleadings before it, the court has concluded that the motion should be denied.

Brokers moves the court to reconsider its order denying Broker's Motion for Attachment pursuant to Rule 59 of the Federal Rules of Civil Procedure, as made applicable to this proceeding by Rule 9023 of the Federal Rules of Bankruptcy Procedure. A Rule 59(e) motion or motion for reconsideration may be granted (1) to accommodate an intervening change in the law; (2) to account for new evidence not available at trial; (3) to correct a clear error of law; or (4) to

prevent manifest injustice.  EEOC v. Lockheed Martin, 116 F.3d 110 (4th Cir. 1997).

In this instance, Brokers has not alleged any change in law, new evidence or manifest injustice.  Brokers contends, however, that the court erroneously concluded that Brokers had not alleged facts sufficient to show that Anderson had or was about to dispose, assign, or secrete property with the intent to defraud.   Brokers argues that intent to defraud may be presumed because Anderson has made transfers in the past for the purpose of hindering, delaying or frustrating the collection of sums due and owing to Brokers.  Furthermore, Brokers argues that attachment is warranted because the property that it seeks to attach is the "only remaining property from that which was stolen."   The court has made no finding as to the propriety or intent of any transfers made prior to the inception of this proceeding, nor has the court found that Anderson stole any property.  Therefore, the court will not use these allegations as a basis from which to presume that Anderson will make future transfers with an intent to defraud.

In the alternative, Brokers requests that the court modify the preliminary injunction presently in effect in this proceeding.  This lawsuit was originally commenced in Guilford County Superior Court. On August 27, 2004, the Guilford County Superior Court entered an order (the "Preliminary Injunction") enjoining Anderson and/or T. W. Anderson, LLC, a limited liability company owned by Anderson and his wife, from transferring, conveying, disposing or otherwise encumbering the real property known as 3001 Meridian Drive and any other real property in which Brokers has an interest or which was transferred to them from Brokers following the death of Dolen J. Bowers, directly or indirectly.  After Brokers filed its bankruptcy petition, this matter was removed to the United States District Court for the Middle District of North Carolina and then referred to this court for resolution and adjudication.  In its order, the

state court found that the Preliminary Injunction it fashioned would maintain the status quo pending final resolution of this action.  Inasmuch the Preliminary Injunction is extremely broad and specifically prevents Anderson and/or T. W. Anderson, LLC, a limited liability company owned by Anderson and his wife, from transferring, conveying or otherwise disposing of any real property transferred to them from Brokers following the death of Dolen J. Bowers, directly or indirectly, the court will not modify it.

      Therefore, Brokers' motion is denied.

# SERVICE LIST

Christine L. Myatt
J. David Yarbrough, Jr.
P. O. Box 3463
Greensboro, NC 27402

C. Edwin Allman, III
P. O. Box 5129
Winston-Salem, NC 27113-5129

Martha Sacrinty
R. Thompson Wright
P.O. Box 989
Greensboro, NC 27402

William E. West, Jr.
3000 Bethesda Place
Suite 703
Winston-Salem, NC 27103

Michael D. West
P.O. Box 1828
Greensboro, NC 27402