**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF NORTH CAROLINA**
**WINSTON-SALEM DIVISION**

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | |
| **Brokers, Inc.,** | ) | **Case No. 04-53451** |
| | ) | |
|     **Debtor.** | ) | |
| _____ | ) | |
| | ) | |
| **Carlton Eugene Anderson, et al.,** | ) | **Adv. No. 04-06074** |
| | ) | |
|     **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **Brokers, Inc., et al.,** | ) | |
| | ) | |
|     **Defendants.** | ) | |
| _____ | ) | |

**ORDER AND OPINION GRANTING IN PART AND DENYING**
**IN PART MOTION FOR PROTECTIVE ORDER**

This matter came before the Court for hearing on March 8, 2006 upon the Motion by Defendant Brokers Inc. for Protective Order regarding the deposition of Scott C. Gayle by Carlton Eugene Anderson. J. Alexander S. Barrett and J. David Yarbrough, Jr. appeared on behalf of Brokers, Inc., ("Brokers") and R. Thompson Wright and Joseph R. Beatty appeared on behalf of Carlton Eugene Anderson. Having considered the Motion and arguments of counsel, the court makes the following findings of fact and conclusions of law:

**BACKGROUND**

On March 9, 2004, Anderson filed a Complaint against Brokers and Scott C. Gayle, Trustee, in Guilford County Superior Court to recover amounts allegedly owed under a promissory note dated August 27, 2003 in the amount of $2,517,611.90. The note was secured by a deed of trust dated September 2, 2003 (the "Deed of Trust") under which Gayle was named

trustee. In the Complaint, Anderson alleged that the amounts owed stemmed from various contracts he entered into with Brokers, including a partnership agreement dated December 10, 1993 and an employment agreement dated August 5, 2003. Anderson served as President of Brokers from July 9, 2003 to January 28, 2004.

On May 6, 2004, Brokers filed an Answer to the Complaint, alleging various defenses and counterclaims against Anderson, including, but not limited to, fraud and constructive fraud, unclean hands, lack of authority, rescission of the Deed of Trust, constructive trust, unfair and deceptive trade practices, and injunctive relief. Brokers was granted injunctive relief against Anderson pursuant to a preliminary injunction entered August 27, 2004.

On November 22, 2004, Brokers filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code. Brokers then removed the lawsuit to the United States District Court for the Middle District of North Carolina, and the lawsuit was subsequently referred to this court for resolution and adjudication.

On November 21, 2005, Anderson served a Notice of Deposition of Scott C. Gayle, a defendant in this action. Brokers filed an objection to the deposition on the basis of attorney-client privilege. Gayle was engaged by Brokers as its outside general corporate counsel from July 31, 2003 through January 29, 2004. Gayle represented Brokers and its board of directors in many aspects of the corporation's business. During the time period of Gayle's employment, Brokers' board of directors consisted of three members: Nelson Kirby Hodge[1], Tony Bowers, and Anderson.

---

[1] Nelson Kirby Hodge, a former employee of the Debtor, also instituted a lawsuit against Brokers in Guilford County Superior Court on March 30, 2004. On August 27, 2004, the Superior Court consolidated his case with Anderson's.

Brokers contends that a protective order is necessary to prohibit the deposition of Gayle because, as the former attorney for Brokers, any communications by and between Brokers and Gayle during the period of his representation are subject to the attorney-client privilege. Brokers further contends that any testimony of Gayle would be duplicative of testimony already given in the case by Nelson Kirby Hodge, Tony Bowers, and Anderson because Gayle has no first hand knowledge of any relevant facts, but merely acted as a scrivener in preparing resolutions and other corporate documents.

## DISCUSSION

The attorney-client privilege protects confidential communications between attorneys and their clients under certain circumstances. North Carolina has adopted a five-part test to determine whether the attorney-client privilege applies to a particular communication: (1) the relation of attorney and client existed at the time the communication was made, (2) the communication was made in confidence, (3) the communication relates to a matter about which the attorney is being professionally consulted, (4) the communication was made in the course of giving or seeking legal advice for a proper purpose although litigation need not be contemplated and (5) the client has not waived the privilege. In re Miller, 584 S.E.2d 772, 786 (N.C. 2003).

Anderson contends that no attorney-client privilege applies to communications with Gayle because the communications were not confidential as between the parties, since Anderson was a member of Brokers' board of directors at the time of the communications. The attorney-client privilege protects both corporate and individual clients. Commodity Futures Trading Com'n v. Weintraub, 471 U.S. 343, 105 S. Ct. 1986 (1985). Because a corporation can only act through its agents, the attorney-client privilege applies to communications between the

corporation's attorney and its management, as well as certain employees.  Id. at 349, 105 S.Ct. at 1991 (citing Upjohn Co. v. U.S., 449 U.S. 383, 101 S.Ct. 677 (1982)).  When control of a corporation passes to new management, the authority to assert or waive the attorney-client privilege on behalf of the corporation passes to that new management.  Id.  "Displaced managers may not assert the privilege over the wishes of current managers, even as to statements that the former might have made to counsel concerning matters within the scope of their corporate duties." Id.  Therefore, the fact that Anderson was a party to the communications at the time they were made as a director of Brokers does not alter the fact that those communications were confidential as between Brokers, the client, and Gayle, the attorney.

Nevertheless, in applying the five-part test to the present case, the court finds that not all of the communications between Brokers and Gayle are privileged.  The attorney-client privilege only applies to communications made in the course of giving or seeking legal advice.  The privilege does not "'protect *facts* which the client communicates to the attorney', nor does it 'protect facts which an attorney obtains from independent sources and then conveys to the client.'" Banc of America Securities, LLC v. Evergreen Intern. Aviation, Inc., 2006 WL 401679, *4 (N.C.Super. 2006) (citing Standard Chartered Bank PLC v. Ayala Int'l Holdings (U.S.), Inc., 111 F.R.D. 76, 79-80 (S.D.N.Y.1986)).

In addition, any communications related to the Deed of Trust in which Gayle was named as trustee are not privileged.  "In deed of trust relationships, the trustee is a disinterested third party acting as the agent of both the debtor and the creditor."  In re Foreclosure of Real Property for 143,600.00, 577 S.E.2d 398, 402 (N.C.App. 2003) (citing In re Proposed Foreclosure of McDuffie, 88, 440 S.E.2d 865, 866 (1994)).  Brokers may not assert the attorney-client privilege

4

as to communications in which Gayle was acting as a disinterested third party.

Because the attorney-client privilege does not apply to all communications between Brokers and Gayle, the court must determine whether the deposition is necessary.  Depositions of a party's attorney are not generally favored, therefore, in considering whether an attorney may be deposed, the party seeking to depose the attorney should bear the burden of showing that the attorney's deposition is warranted. <u>Southern Film Extruders, Inc. v. Coca-Cola Co.</u>, 117 F.R.D. 559 (M.D.N.C.1987).  Yet, "the stringency of that rule may not necessarily apply to the party's non-trial attorney, i.e. a former attorney or in-house counsel." <u>BB & T Corp. v. U.S.</u>, __ F.R.D. __, 2006 WL 274276, *3 (M.D.N.C. 2006).  The court finds that Anderson has made a sufficient showing that the deposition of Gayle is warranted. Gayle is a named defendant in this action and is not currently counsel for Brokers.  He is the trustee for the Deed of Trust which Brokers contends is invalid, and he was the only uninterested party to the transactions which Brokers is now challenging.

Based upon the foregoing, it is ORDERED that the Motion by Brokers for Protective Order is granted in part and denied in part.  Anderson is permitted to depose Gayle subject to the limitations set forth above.

# SERVICE LIST

Christine L. Myatt
J. David Yarbrough, Jr.
P. O. Box 3463
Greensboro, NC 27402

C. Edwin Allman, III
P. O. Box 5129
Winston-Salem, NC 27113-5129

Martha Sacrinty
R. Thompson Wright
P.O. Box 989
Greensboro, NC 27402

William E. West, Jr.
3000 Bethesda Place
Suite 703
Winston-Salem, NC 27103

Michael D. West
P.O. Box 1828
Greensboro, NC 27402